IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GENERAL STAR INDEMNITY COMPANY | * | |
| | * | |
| v. | * | Civil No. JFM-06-0320 |
| | * | |
| NATIONWIDE MUTUAL INSURANCE COMPANY | * | |
| ***** | | |

MEMORANDUM

Plaintiff General Star Indemnity Company ("General Star") brings this action for declaratory judgment against Defendant Nationwide Mutual Insurance Company ("Nationwide"). General Star asks me to declare that Nationwide has a duty under Nationwide Policy No.: 52 19 HO 361151 to defend Chloe Ann Jones against the claims of Martina Ford, Brandon Williams, and Naya Williams in the case captioned *Martina Ford, et al. v. Baltimore City Department of Social Services, et al.*, in the Circuit Court for Baltimore City, Case No.: 24-C-05-006657. Nationwide moves to dismiss or, in the alternative, for summary judgment. For the reasons stated below, Nationwide's motion will be treated as one for summary judgment and, as such, is granted.

I.

On July 21, 2004, Brandon Williams, a minor living in foster care with Jones at her house in Randallstown, Maryland, suffered severe brain injuries that likely will require lifetime care. The cause of Brandon's injuries is the subject of a state lawsuit brought by Brandon's mother, Martina Ford, against Jones and others. At the time of Brandon's injury, Jones held a homeowner's insurance policy issued by Nationwide. On October 12, 2005, Nationwide brought suit in this court against Jones and others seeking a declaratory judgment that, *inter alia*, it had

no duty to defend or indemnify Jones in the state lawsuit under the terms of the policy. On February 15, 2006, I granted Nationwide's request with respect to Jones because an exception in the policy for "business pursuits" applies to Jones.

At the time of Brandon's injury, the Maryland State Department of Human Resources and Department of Juvenile Justice held an insurance policy issued by General Star. According to General Star, this policy contains an endorsement which, in some cases, provides coverage to a foster parent for claims brought by the natural parents of a foster child as a result of bodily injury to the child. Due to this policy, General Star must defend Jones in the state lawsuit unless another insurer is obligated to defend her. Although General Star had notice of Nationwide's declaratory judgment action and the consequences of a judgment in Nationwide's favor, General Star chose not to intervene.[1] Instead, General Star filed its own action in this court on February 7, 2006, seeking a declaratory judgment that Nationwide *does* have a duty to defend Jones.

## II.

Nationwide moves to dismiss based on res judicata, contending that General Star may not re-litigate my judgment that Jones is covered by the Nationwide policy ("the policy").[2] Res

---

[1] Nationwide suggests that General Star's failure to intervene in the Nationwide action justifies preclusion of its claim here. General Star was under no duty to intervene, however, and generally a choice not to intervene does not preclude a later claim. *See* 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4452 at 399-400 (2d ed. 2002) ("The voluntary nature of intervention procedure has led most decisions to accept the consequence that a nonparty is not precluded from relitigating matters decided in a prior action simply because it passed by an opportunity to intervene."); *Martin v. Wilks*, 490 U.S. 755, 762-63 (1989) (confirming rule that nonparties have no duty to intervene and are not barred from later bringing suit if they choose not to intervene).

[2] In its reply brief, Nationwide also asserts that General Star lacks standing to bring this action. Nationwide may be correct. However, I prefer not to decide this issue without having heard General Star's responsive arguments and, as a practical matter, I need not decide the issue

judicata only applies when "the parties are identical, or in privity, in the two actions." *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003). General Star was not a party to Nationwide's declaratory judgment action, so General Star's claim is only barred if it is in privity with Jones.

To be in privity with a party to a former litigation, the non-party must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005). There are three generally recognized categories of non-parties who are considered in privity with a party to the prior action: (1) a non-party who controls the original action; (2) a successor-in-interest to a prior party; and (3) a non-party whose interests were adequately represented by a party to the original action. *Id.* General Star did not control Jones' defense in the Nationwide action, nor is it a successor in interest to Jones. Nationwide claims General Star falls into the third category, which is sometimes referred to as "virtual representation." Under Fourth Circuit law, "there can be no virtual representation where one of the parties to the first suit was not accountable to the nonpart[y] who filed a subsequent suit and where the virtual representative for a nonparty did not have at least the tacit approval of the court." *Id.* at 652. It is undisputed that 1) Jones was not accountable to General Star in the Nationwide action; and 2) I never gave approval for Jones to represent General Star in that action. Therefore, privity does not exist and res judicata does not bar General Star's claim.

III.

In my earlier decision, I wrote:

> An exception to the policy applies to Ms. Jones. The policy does not

---

in light of my ruling of law for Nationwide on the merits.

> cover bodily injury "arising out of business pursuits of an insured." "Business" is defined to include "home care services regularly provided to a person or persons, other than insureds or insureds' relatives, for which there is monetary or other compensation." Here, Ms. Jones provided home care services to Brandon and received monetary compensation in return. Defendants do not dispute Nationwide's contention that Brandon is a non-insured. Therefore, Brandon's injury arose from a "business pursuit" of Ms. Jones' and Nationwide need not defend or indemnify her.

*Nationwide Mut. Ins. Co. v. Jones*, No. Civ. JFM-05-2792, 2006 WL 361336, at *3 (D. Md. Feb. 15, 2006) (citations omitted).

General Star makes three arguments why my decision was incorrect. First, General Star contends the business pursuits exception of the policy does not apply to Jones because, by its terms, the exception does not apply to "activities normally considered non-**business**." (Nationwide Policy at H1) (bold in original). General Star argues that foster care is an activity normally considered non-business in the general sense of the word "business." Whether foster care is generally considered a business endeavor is irrelevant, however, because the term "business" is explicitly defined in the policy to include "home care services regularly provided to a person or persons, other than insureds or insureds' relatives, for which there is monetary or other compensation." (*Id.* at A1.) The exception to the exception for "activities normally considered non-**business**" incorporates the policy's definition of business, not the dictionary definition or any other meaning of the word, as shown by the bolding of the word. On the three-page list of liability exclusions, the only words written in bold are those that are specifically defined elsewhere in the policy.

Second, General Star argues there was insufficient evidence before me to support a finding that Jones "regularly" cared for foster children. Of course, that is not what the business pursuits exception requires; all it requires is that Jones regularly cared for Brandon. It is

undisputed that Brandon was *living* in foster care with Jones, therefore she regularly cared for him.

Third, General Star contends that the money paid to Jones by the state does not qualify as "monetary or other compensation" under the policy because the money is not considered taxable income and is supposed to benefit the foster child and not the foster parent.  This argument is not persuasive.  The business pursuits exception merely requires that Jones receive something in return for providing home care services.  It does not require her to turn a profit, or to spend the money on someone or something other than the dependent.  Here, she received money from the state in return for caring for Brandon.

A separate order is being entered herewith.


| _May 22, 2006_ | _/s/_ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |